UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

ASTAVIAN DNTAE MCMILLIAN,

        Petitioner,                 Case No. 1:23-cv-66

v.                                              Honorable Ray Kent

NOAH NAGY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. The Court will also deny Petitioner's motion to place this case in abeyance (ECF No. 6) while Petitioner exhausts his unexhausted claims.

## Discussion

**I.    Factual Allegations**

Petitioner Astavian Dntae McMillian is incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. Following a three-day jury trial in the Kent County Circuit Court, Petitioner was convicted of possession of a controlled substance (cocaine) less than 25 grams, Mich. Comp. Laws § 333.7403(2)(a)(v). On August 22, 2019, the court sentenced Petitioner as a fourth-offense habitual offender to a sentence of six to fifteen years imprisonment.

On January 10, 2023, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on January 10, 2023. (Pet., ECF No. 1, PageID.15.)

The petition raises four grounds for relief, as follows:

I.    Ineffective assistance of appellate counsel.

      II.      Jurisdictional defect in subject matter.

      III.     4th Amendment violation.

      IV.     Ineffective assistance of trial counsel.

(Pet., ECF No.1, PageID.5, 7, 8, 10.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised his third habeas ground in the state appellate courts on direct appeal from his criminal conviction, (ECF No. 1, PageID.8), and, indeed, the opinion of the Michigan Court of Appeals indicates that Petitioner argued on appeal that the police did not have probable cause to execute a search warrant. *People v. McMillian*, No. 350665, 2021 WL 940969, at *1 (Mich. Ct. App. Mar. 11, 2021), *appeal denied,* 509 Mich. 855, 969 N.W.2d 66 (2022).

4

However, Petitioner acknowledges that he has not raised his first, second or fourth habeas grounds in the state appellate courts. (ECF No. 1, PageID.6, 7, 10; *see also* ECF No. 6, PageID.62.) Instead, he reports that he raised those issues in the Jackson County Circuit Court by way of a state habeas corpus petition. (ECF No. 1, PageID.6, 7, 10.)

Petitioner notes that the Jackson County Circuit Court denied the petition by order entered October 18, 2022. (*Id*., PageID.3.) Petitioner says nothing more about that effort; but the publicly available docket of the Michigan Court of Appeals reveals a little bit more. On November 21, 2022, Petitioner filed a habeas petition in the Michigan Court of Appeals. Case Information, *McMillian v. G. Robert Cotton Corr. Facility Warden*, No. 364011 (Mich. Ct. App.), available at https://www.courts.michigan.gov/c/courts/coa/case/364011 (last visited Feb. 13, 2023). The court of appeals has yet to rule on Petitioner's application.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in his petition—he may continue to pursue his state habeas remedy in the Michigan appellate courts. But it is not entirely clear that seeking state habeas relief will suffice to exhaust the issues.

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a

5

procedurally inappropriate manner that renders consideration of its merits unlikely. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not[, for the relevant purpose,] constitute 'fair presentation.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989))); *see also Ogle v. Ohio Dep't of Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*, 527 F. App'x 358, 363–64 (6th Cir. 2013).

Michigan's habeas corpus remedy is limited to "special and important reasons." As the Michigan Court of Appeals recently explained:

> MCL 600.4307 provides that "any person restrained of his liberty within this state" may bring "[a]n action for habeas corpus to inquire into the cause of detention" "except as specified in" MCL 600.4310. As described by this Court, "[t]he object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held." *Moses v Dep't of Corrections*, 274 Mich. App. 481, 485; 736 N.W.2d 269 (2007) (quotation marks and citation omitted). However, MCL 600.4310(3) bars habeas corpus relief for "[p]ersons convicted, or in execution, upon legal process, civil or criminal." A person convicted of a crime may seek a writ of habeas corpus "in one narrow instance, where the convicting court was without jurisdiction to try the defendant for the crime in question." *Moses*, 274 Mich. App. at 485–486 (cleaned up). To qualify for habeas corpus relief a jurisdictional defect must be so "radical" that it renders "the conviction absolutely void." *Id*. at 486. "A radical defect in jurisdiction contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *Id*. (cleaned up). But a writ of habeas corpus is not a substitute for direct appellate relief. *Id*.

*Ortiz-Kehoe v. Chippewa Corr. Facility. Warden*, No. 361179, 2022 WL 17724460, at *4 (Mich. Ct. App. Dec. 15, 2022). The court of appeals went on to note that the subject matter jurisdiction of the circuit court is broad and that most errors fall outside of the narrow confines of "a radical defect in jurisdiction." *Id*. at *4–5. It does not appear that the errors Petitioner hopes to exhaust fall within those narrow confines and, the fact that the confines are narrow, calls into question whether the exhaustion attempt constitutes procedurally fair presentation.

6

The state courts do afford a broader remedy. Petitioner may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least that one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Because Petitioner has one claim that is exhausted and three that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 2, 2022. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 3, 2022. Accordingly, absent tolling, Petitioner would have one year, until May 3, 2023, in which to file his habeas petition. Petitioner filed the instant petition within that period, on January 17, 2023.

But the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Even if the state habeas corpus remedy does not allow procedurally fair presentation of Petitioner's specific federal constitutional issues, it would still be considered "other collateral

review" such that it would toll the running of the statute.[2] Petitioner filed his state habeas petition on June 17, 2022. (Pet., ECF No. 1, PageID.3.) It remains pending; therefore, the period of limitation has only run for 45 days.

The state habeas petition will continue to toll the statute so long as it is pending. Moreover, if Petitioner files a motion for relief from judgment, as discussed above, the statute of limitations will remain tolled during the pendency of that proceeding. So long as Petitioner's requests for collateral review are pending, the time will not count against him.

Until a collateral review proceeding is filed, and after the Michigan Supreme Court rules on the related application for leave to appeal to that court, the statute of limitations would run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

---

[2] It seems reasonable that a state habeas petition that challenges a judgment of conviction would fall into the category of "post-conviction or other collateral review." This Court has previously reached that conclusion. *See Brown v. Palmer*, No. 1:13-cv-1137, 2013 WL 6047408, at *2 (W.D. Mich. Nov. 14, 2013). The Sixth Circuit has also reached that conclusion, albeit in a decision that was overruled on other grounds. *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003) (en banc), *overruled in part by Lawrence v. Florida*, 549 U.S. 327 (2007). And the Sixth Circuit has assumed, without deciding, that a Michigan habeas corpus petition would suffice to toll the statute. *See Dickens v. Chapman*, No. 18-1752, 2019 WL 3010578, at *2 (6th Cir. May 29, 2019). The Supreme Court has also at least suggested that state habeas petitions would toll the period of limitation under the statute. *See Jiminez v. Thaler*, 555 U.S. 113 (2009); *see also Jiminez v. Thaler*, 367 F. App'x 489 (5th Cir. 2010) (after remand). Justice Ginsburg, in a dissent joined by Justices Stevens, Souter, and Breyer, was much more direct: "an application for *state* habeas review undoubtedly is 'an application for State post-conviction review.'" *Lawrence*, 549 U.S. at 342 (emphasis in original). Therefore, the Court concludes, again, that a state habeas petition tolls the running of the period of limitations.

Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to further pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

**III.     Motion to Place Case "In Abeyance"**

In his January 30, 2023, letter to the Court, Petitioner requests that the Court place his case "in abeyance." (ECF No. 6.) In support of his request, Petitioner acknowledges that he has unexhausted claims and that he has filed a state habeas corpus action to address the same. (*Id.*, PageID.62.) As discussed above, a stay of these proceedings is not warranted as Petitioner has sufficient time to diligently pursue his state court remedies and to return to this Court should the state courts deny his requested relief. Accordingly, the Court will deny Petitioner's request to hold this case in abeyance while Petitioner pursues his state court remedies.

**IV.     Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:   February 27, 2023                          /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge